UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AUBREY DAVIS p/k/a "DJ MIXX"                Case No.: 12-CV-22578 (FAM)

    Plaintiff,

v.

USHER TERRY RAYMOND THE IV P/K/A
"USHER", SONY MUSIC ENTERTAINMENT,
RICHARD PRESTON BUTLER, JR. P/K/A
"RICO LOVE", ANDREW HARR P/K/A
"DRU BRETT", JERMAINE JACKSON P/K/A
"MAYNE ZAYNE", EMI APRIL MUSIC, INC.,
NOTTING DALE SONGS, INC., TRAC-N-FIELD
ENTERTAINMENT, LLC, UR-IV MUSIC, INC.,
ALGERNOD LANIER WASHINGTON P/K/A "PLIES",
FIRST-N-GOLD PUBLISHING, INC., and
KOBALT MUSIC PUBLISHING AMERICA, INC. D/B/A
SONGS OF KOBALT MUSIC PUBLISHING,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NOTTING DALE SONGS, INC.'S MOTION TO DISMISS AND MOTION TO JOIN PURSUANT TO FED. R. CIV. P. 12(e), RULE 8, RULE 12(b)(7), RULE 19 AND SECTION 501(b) OF THE COPYRIGHT ACT AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, Aubrey Davis p/k/a "DJ Mixx" ("Davis" or "Plaintiff"), by and through undersigned counsel, hereby files his Response in Opposition to Defendant Notting Dale Songs, Inc.'s ("Defendant" or "Notting Dale") Motion to Dismiss Plaintiff's First Amended Complaint and Motion to Join (collectively "Motion to Dismiss"), and in support states as follows:

**MEMORANDUM OF LAW**

**INTRODUCTION**

Plaintiff filed his First Amended Complaint on December 20, 2012 ("FAC"). [DE 30]. Eight Defendants deemed it appropriate to file an Answer and Affirmative Defenses to the First

Amended Complaint. Nonetheless, Defendant Notting Dale has opted to file a puzzling motion to dismiss ostensibly requesting the mandatory joinder of a non-existent copyright co-owner. [DE 35]. Separately, Defendant Notting Dale seemingly moves to dismiss Plaintiff's First Amended Complaint on the purported basis that it is so vague and ambiguous that Defendant Notting Dale cannot reasonably be required by this Court to file a responsive pleading. Simply stated, Defendant Notting Dale's motion is predicated upon a gross misreading and/or misunderstanding of Plaintiff's First Amended Complaint in conjunction with a severe misapplication of law to the facts as alleged.

As set forth in the First Amended Complaint, Plaintiff, an established local producer, sound engineer and disc jockey in South Florida, is the sole owner of the United States copyright in and to an original musical composition Plaintiff composed, authored and created entitled "5-15-09" (the "Composition"). (FAC ¶¶2, 78). As is customary for Plaintiff, each time he finalized the creation of a musical composition, he entitled the composition the date upon which he completed the creation of the musical composition, in this instance being May 15, 2009. (FAC ¶3). As clearly set forth in Plaintiff's First Amended Complaint, as the sole owner and author of the Composition "5-15-09" (U.S. Reg. No. SRu 921-106), Plaintiff is entitled to exclusive use of the subject Composition without the unauthorized use by third parties. (FAC ¶78). Plaintiff further alleges that Defendants released and began selling and distributing to the public an infringing sound recording that is a clear unauthorized derivative of the musical Composition Plaintiff independently composed and created. (FAC ¶¶4-5, 79-83).

## SUMMARY OF ARGUMENT

This action seeks redress for the infringement of Plaintiff's copyrighted musical Composition pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq*. Plaintiff is, and at all

relevant times has been, the copyright owner of exclusive rights under United States copyright with respect to the original musical Composition Plaintiff authorized and composed. (FAC ¶47). Plaintiff has alleged that Plaintiff is the exclusive copyright owner of the Composition, and that Defendants have infringed his rights in the subject Composition. (FAC ¶¶78-88). Specifically, Plaintiff, within the First Amended Complaint, alleges in pertinent part:

(a) As the <u>sole</u> owner and author of the <u>Composition</u> "5-15-09" (U.S. Reg. No. SRu 921-106), Plaintiff is entitled to exclusive use of the subject <u>Composition</u> without the unauthorized use by third parties. (FAC ¶78). (Emphasis supplied).

(b) Notwithstanding that Plaintiff and Defendants never negotiated and/or reached any agreement or understanding or entered into any formal agreement of any kind regarding the use of the musical <u>Composition</u>, Defendants nonetheless unilaterally commandeered Plaintiff's <u>Composition</u> derived from his Production Services, and proceeded to embody it in a derivative work for purposes of creating a new composition and sound recording featuring the performance of Defendant Usher. (FAC ¶49). (Emphasis supplied).

(c) Defendants have willfully and deliberately released and began selling and distributing to the public the Infringing Work, and continue to do so, which Infringing Work is a clear unauthorized derivative of the musical <u>Composition</u> Plaintiff composed and created, with the original music of the <u>Composition</u> slightly altered but clearly recognizable, and have also performed and continue to perform their derivative Infringing Work of Plaintiff's <u>Composition</u>. (FAC ¶5). (Emphasis supplied).

Contrary to Defendant Notting Dale's fundamental misreading of Plaintiff's First Amended Complaint, the First Amended Complaint is clear as to which "copyrights Plaintiff claims Defendants have infringed." Plaintiff's copyright claim derives from the musical Composition wholly and independently created and owned by Plaintiff. (FAC ¶¶2, 78-81). Plaintiff has not, as Defendant Notting Dale suggests it "appears," alleged that Defendants have infringed the copyright of a "co-owner", Omari Hodge p/k/a Big Omari ("Omari"), in an

3

authorized derivative work. Rather, Plaintiff has clearly alleged infringement with respect to a Composition of which Plaintiff is the sole owner and author.

Accordingly, Defendant Notting Dale's Motion to Dismiss should be denied in its entirety.

## LEGAL ARGUMENT

**I.  Defendant Notting Dale's Motion to Dismiss Pursuant to Rule 12(e) is Baseless**

A motion for more definite statement is proper only "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e); Scarfato v. Nat. Cash Register Corp., 830 F. Supp. 1441, 1442 (M.D. Fla. 1993). In the federal system the rules employ the concept of notice pleading and motions for more definite statement are disfavored in light of the liberal discovery practices. Id. at 1443; *citing* Bazal v. Belford Trucking Co., 442 F. Supp. 1089 (S.D. Fla. 1977). Federal Courts generally disfavor motions for a more definite statement and such motions are intended to provide a remedy for an unintelligible pleading as opposed to a vehicle for obtaining greater detail. Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs., 872 F. Supp.2d 1353, 1358 (S.D. Fla. 2012); *citing* Clearwater Consulting Concepts, LLP v. Imperial Premium Fin. LLC, No. 09–81042–CIV, 2010 WL 916392, at *1 (S.D. Fla. Mar. 11, 2010); *see also* S.E.C. v. Digital Lightwave, Inc., 196 F.R.D. 698, 700 (M.D. Fla. 2000) ("[t]he basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient"); BB In Tech. Co., Ltd. v. JAF, LLC, 242 F.R.D. 632, 640 (S.D. Fla. 2007) (denying motion for more definite statement and underscoring "Federal Courts

4

disfavor motions for a more definite statement, in view of the liberal pleading and discovery requirements set forth in the Federal Rules of Civil Procedure").

Here, Plaintiff has alleged simple and straightforward facts that, if true, would support a finding of liability against Defendants.  Specifically, the First Amended Complaint makes clear that Plaintiff is the valid and sole copyright owner of the subject Composition.  (FAC ¶¶2, 78).  Plaintiff further alleges in the First Amended Complaint that Plaintiff has an active copyright registration for the Composition that predates Defendants' exploitation, reproduction and distribution of the infringing work (U.S. Reg. No. SRu 921-106).  (FAC ¶69).  Plaintiff then alleges that Defendants have copied Plaintiff's musical Composition.  (FAC ¶¶80-83).  Accordingly, Plaintiff has sufficiently and clearly alleged that Plaintiff maintains Copyright rights in and to the Composition and that Defendants have infringed those rights with respect to the Composition.

Defendant Notting Dale's claim that the First Amended Complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading" is without merit.  It cannot reasonably be argued that the First Amended Complaint does not provide Defendants with ample notice of Plaintiff's claims.

Finally, it warrants noting that Defendant Notting Dale's perplexing attempt to manufacture purported confusion and ambiguity by splicing and juxtaposing random excerpts from Plaintiff's initial Complaint with allegations set forth in the First Amended Complaint is completely inappropriate.  It is well-established that "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); *quoting* Lowery v. Al. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (noting it would be improper to bind plaintiffs by the prayer for relief in

the initial pleading where plaintiffs had since amended their complaint). Accordingly, Defendant Notting Dale's attempts to cultivate fanciful ambiguity through the use of Plaintiff's initial Complaint should be wholly ignored, and Defendant Notting Dale's Motion to Dismiss should be denied in its entirety.

**II.     Non-Party Omari is Categorically Not an Indispensable Party and Should Not be Joined**

*A.     Plaintiff Has Not Alleged that Defendants Infringed any Copyright Owned or Co-Owned by Omari*

In its Motion to Dismiss, Defendant Notting Dale states: "[b]ecause the FAC **appears** to allege that Defendants have infringed the copyright of an authorized derivative work co-owned by Plaintiff and co-writer Big Omari, Plaintiff should be forced to join Omari Hodge p/k/a Big Omari to the herein action or otherwise clarify the FAC." [DE 35 at 1]. (Emphasis supplied). This is predicated upon a false supposition. Plaintiff has alleged copyright infringement with respect to a Composition. Plaintiff has made emphatically clear that Plaintiff is the sole owner and author of this Composition and is entitled to exclusive use of this Composition. (FAC ¶78).

Of course, as a condition precedent to asserting an argument for joinder of a co-owner of a copyright, as Defendant Notting Dale asserts here, there must be an actual co-owner. The copyright at issue in this matter is the copyright in and to the musical Composition. (FAC ¶¶77-88). With respect to the Composition, Plaintiff's allegations clearly provide that the Composition is both: (a) a wholly independent creation; and (b) independently registered with the United States Copyright Office. (FAC ¶¶2, 47, 53, 74, 78). Defendant Notting Dale's creative inferences and deductions based upon its misreading of the First Amended Complaint are simply irrelevant. Plaintiff has filed this action for copyright infringement of a musical Composition of which Plaintiff is the sole copyright owner. Id. Non-party Omari has no

interest in and to the copyrights at issue in this matter, and in no manner can Omari be considered a co-owner whose rights might be impacted by this Action.  Defendant Notting Dale's novel contention, namely, that every contributor to any authorized derivative work involving or incorporating an original composition somehow manifests into an indispensable party to any action regarding the underlying composition, is simply mistaken.

### B.     *Copyright Protection in Derivative Works Extends Only to Material Contributed by the Author*

As a threshold matter, in filing its Motion to Dismiss, Defendant Notting Dale ignores well-established copyright law with respect to derivative works.  Initially, Plaintiff's First Amended Complaint simply indicates that Omari recorded his vocals on top of the Composition to create a derivative "sound recording."  Plaintiff's First Amended Complaint has not alleged infringement with respect to any sound recording, let alone a derivative sound recording.

Nonetheless, seemingly expounding upon this theory, Defendant Notting Dale attempts to then suggest that Omari's act of recording his vocals on top of the Composition to create the sound recording "Let's Go" somehow establishes a derivative work <u>composition</u>, which then somehow vests Omari with rights as a joint owner in the Composition itself, thereby superseding Plaintiff's original and independently copyrighted Composition.  Defendant Notting Dale simply misunderstands basic tenets of the Copyright Act in this respect.  Specifically, Section 103(b) of Title 17 explicitly provides, in pertinent part, as follows:

> The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material.

17 U.S.C.A. § 103(b).  Standing alone, this is dispositive of the entirety of Defendant's Motion to Dismiss.  Indeed, it is axiomatic that while the subject matter of federal copyright includes

7

derivative works, "the copyright in such works 'extends only to the material contributed by the author,' and does not affect any copyright protection in the preexisting material." Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010).

As such, Omari's authorized action of recording his vocals on top of the Composition to create a sound recording entitled "Let's Go", cannot, and does not, instill Omari with any copyright rights in and to the pre-existing material, specifically, Plaintiff's Composition. (FAC ¶30). Plaintiff has made clear in the First Amended Complaint that he is the sole owner and author of the Composition and is entitled to exclusive use of the subject Composition. (FAC ¶78). The First Amended Complaint further makes clear that Plaintiff necessarily created, composed and authored the Composition before Omari recorded his vocals on top of the Composition. (FAC ¶30). Clearly, Plaintiff has not set forth any allegations that suggest that Omari is or even could be a joint or co-owner of the Composition. Accordingly, for myriad reasons, contrary to Defendant's misunderstanding of the First Amended Complaint, there is no requirement or even ability to join Omari as a Plaintiff in this Action. Indeed, given that Omari did not contribute in any manner to Plaintiff's original preexisting Composition, not only should he not be "joined" in this Action, he cannot lawfully be joined.

### C. *There is No Issue Raised as to the Validity of the Copyright*

Notwithstanding the foregoing, even assuming that Omari was somehow deemed a co-owner of the subject copyright in and to the Composition (which he is not), it is well established that "a joint owner is not required to join his other co-owners in an action for infringement." Davis v. Blige, 505 F.3d 90 (2d Cir. 2007).

Underscoring the inapposite nature of the cases cited by Defendant Notting Dale, the primary case upon which Defendant Notting Dale relies, Wales Indus., Inc. v. Hasbro Bradley,

8

Inc., 612 F. Supp. 510, 517 (S.D.N.Y 1985), addressed the issue of whether the *actual owner* of copyrights should be joined as a party in an action in which there was a challenge to the validity of the copyrights and corresponding accusations of infringement by the copyright *licensee*. None of these facts even remotely apply here. Nonetheless, notably, the court in Wales clearly states that "[a]bsent special circumstances joinder should be required in cases challenging the validity of the copyright upon which rest the rights of the person to be joined and **should not be required if the only issue is whether the defendant engaged in unlawful copying**. Wales Indus., Inc., 612 F. Supp. 510 at 517 (Emphasis supplied). Of course, joinder is only necessary "where validity of the copyright is challenged such that the outcome of the litigation may permanently affect the rights of the co-owner, **but not where infringement alone is alleged**". Kernel Records Oy v. Mosley, No. 09-21597-CIV, 2010 WL 2812565, at *15 (S.D. Fla., July 5, 2010, *citing* Shady Records, Inc. v. Source Enters., Inc., No. 03 Civ. 9944, 2005 WL 14920, at *16 (S.D.N.Y. Jan. 3, 2005). (Emphasis supplied). In Shady Records, Inc., for instance, the court rejected the assertion that the suit must be dismissed based upon a failure to join all the co-owners of the works, in part, because the "action does not call into question the underlying validity of Shady's copyright." Shady Records, Inc. v. Source Enters., Inc., 2005 WL 14920, at *16.

Finally, notwithstanding Defendant Notting Dale's penchant to rely upon New York Federal Court cases, Defendant Notting Dale does not cite or reference a Southern District of New York case plainly holding that copyright infringement plaintiffs are not obligated to join alleged co-owners of compositions because any future claims for damages by absent co-owners would be to recover their share of damages obtained by the plaintiffs. Copyright.net Music Pub.

LLC v. MP3.com, 256 F.Supp.2d 214, 217-18 (S.D.N.Y. 2003). Specifically, the court in Copyright.net held:

> More significantly, there was simply no legal basis for requiring plaintiffs to join all co-owners of the compositions at issue. Under the Rules of Civil Procedure, joinder is required when: (1) relief can not be accorded in the person's absence, or (2) "the person claims an interest relating to the subject of the action *and* is so situated that the disposition in the person's absence may (i) as a practical matter impair or impede the persons's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest." Fed.R.Civ.P. 19(a) (emphasis added). In this case, there was no assertion that complete relief could not be granted between the parties. *See Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985) ("[T]he term complete relief refers only to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought.") (internal quotation marks omitted). Rather, defendant based its argument on the premise that it ran the risk of multiple liabilities. But if, as defendant argued, it might be obligated to pay 100% of statutory damages to plaintiffs, and the money was not divided among co-owners of the compositions, then the proper suit would be between these co-owners, not the co-owners against defendant.

Id. at 218; *see also* Edgenet, Inc. v. GS1 AIBSL, No. 09-CV-65, 2010 WL 55843, at *5 (non-party "Big Hammer" was not necessary party plaintiff to copyright infringement action even if it did retain ownership interests in copyrighted works because in a case "where infringement damages are awarded to only one of two co-owners of a copyright, redress is properly sought through a suit between the co-owners and not through further litigation against the defendant").

Nevertheless, while generally illuminating as far as the dearth of support for Notting Dale's Motion to Dismiss, this remains wholly-irrelevant to this case as Omari is not, and is not alleged to be, a co-owner of the Composition in any manner. Simply, this is an action for copyright infringement based upon alleged unlawful copying. (FAC ¶¶77-88). Regardless, non-party Omari has no rights in and to the musical Composition. Accordingly, Defendant Notting Dale's Motion to Dismiss should be denied.

Alternatively, Defendant Notting Dale also appears to intimate that because Plaintiff alleges access to Plaintiff's Composition through this sound recording, the basis of Plaintiff's copyright infringement claim must necessarily include this sound recording and anyone who participated in its creation. [DE 35 at 4]. This theory, however, is similarly without any legal basis or support.[1]

### III. Leave to Amend and/or Notify

In the alternative, in the event this Honorable Court grants Defendant Notting Dale's Motion to Dismiss in any respect, Plaintiff respectfully requests that this Honorable Court grant Plaintiff leave to amend the First Amended Complaint to cure any deficiencies and/or to officially notify Omari of this matter, thereby providing Omari the opportunity to freely enter this Action if the Court so deems appropriate and necessary. See Fed. R. Civ. P. 15(a) ("[t]he court should freely give leave when justice so requires").

### CONCLUSION

Non-party Omari is not, and is not alleged to be, a co-owner of the Composition. In addition, Non-party Omari maintains no rights in and to the subject Composition that forms the basis of this action. Even assuming Omari was a co-owner of the Composition, which he is not, his joinder would still not be required or even necessary. Based upon the foregoing reasons, Plaintiff respectfully requests this Honorable Court deny Defendant Notting Dale's Motion to Dismiss and Motion to Join.

---

[1] By way of example, examining a hypothetical author who licenses an original article for publication in a magazine, should a third party infringe the author's article after reading the magazine, Defendant's logic would force the author to include as co-plaintiffs each and every author of every article in the magazine, on the grounds that the magazine was the vehicle for the infringer's access.

Respectfully submitted,

s/Michael A. Trauben
Michael A. Trauben (Florida Bar No. 816841)
mtrauben@SinghTraubenLaw.com
Singh, Singh & Trauben, LLP
540 Brickell Key Drive, Suite C-1
Miami, FL 33131
Telephone: (305) 735-1705
Facsimile: (888) 734-3555
*Attorneys for Plaintiff Aubrey Davis*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on this 8th day of February, 2013, on all counsel or parties of record on the Service List below.

s/Michael A. Trauben

## SERVICE LIST

Karen Stetson, Esq.
Florida Bar No. 742937
Gray Robinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Phone: (305) 416-6880
Fax:    (305) 416-6887
Karen.Stetson@gray-robinson.com
*Attorneys for Defendants Trac-N-Field,*
*Jackson and Harr*

    -and-

Local Counsel for *Defendants Usher, Sony Music,*
*EMI April Music, UR-IV and Richard Butler*

Brian D. Caplan, Esq.
(*pro hac vice*)
Caplan & Ross, LLP
270 Madison Avenue, 13th Floor
New York, New York 10016
Phone: (212) 973-2376
Fax:    (212) 661-4290
bcaplan@caplanross.com
*Attorneys for Defendant Richard Butler*

Jonathan D. Davis, Esq.
(*pro hac vice*)
Jonathan D. Davis, P.C.
99 Park Avenue, Suite 1600
New York, New York 10017
Phone: (212) 687-5464
Fax:    (212) 661-4290
jdd@jddavispc.com
*Attorneys for Defendants Usher, Sony Music, EMI*
*April Music and UR-IV*

Jacquelyn K. Trask, Esq.
Oppenheim Pilelsky, P.A.
2500 Weston Rd., Suite 404
Weston, FL 33331
Phone: (954) 384-6114
Fax:    (954) 384-6115
jtrask@oplaw.net
*Attorneys for Defendant Notting Dale Songs, Inc.*