UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-22578-CIV-MORENO

AUBREY DAVIS a/k/a DJ MIXX,

    Plaintiff,

vs.

USHER TERRY RAYMOND a/k/a USHER, SONY MUSIC ENTERTAINMENT, RICHARD PRESTON BUTLER a/k/a RICO LOVE, ANDREW HARR a/k/a DRU BRETT, JERMAINE JACKSON a/k/a MAYNE ZAYNE, ALGERNOD LANIER WASHINGTON a/k/a PLIES, EMI APRIL MUSIC, INC., NOTTING DALE SONGS, INC., TRAC-N-FIELD ENTERTAINMENT, LLC, and UR-IV MUSIC, INC.,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS AND MOTION TO JOIN

THIS CAUSE came before the Court upon Defendant Notting Dale's Motion to Dismiss and Motion to Join Pursuant to Fed. R. Civ. P. 12(e), Rule 8, Rule 12(b)(7), Rule 19 and Section 501(b) of the Copyright Act **(D.E. No. 35)**, filed on **January 22, 2013**. On July 13, 2012, Plaintiff Aubrey Davis filed this suit against Defendants for copyright infringement. Defendant Notting Dale Songs, Inc. filed the present motion on January 22, 2013, requesting a more definite statement under Federal Rule of Civil Procedure 12(e). Alternatively, Notting Dale seeks dismissal of the complaint pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. For the following reasons, the Court rejects both of Notting Dale's contentions and denies its motion.

## I. FACTUAL BACKGROUND

Plaintiff Davis is an established music producer, sound engineer, and disc jockey in South Florida. In early 2009, Davis invested substantial amounts of his time and money to independently compose and produce an original musical arrangement. As was his practice, he entitled this composition "5-15-09" after the date on which he finalized the creation of the work. Davis additionally created a sound recording to embody the composition. On October 1, 2009, Davis registered "5-15-09" and the sound recording with the United States Copyright Office in compliance with the federal Copyright Act, receiving registration number SRu 921-106.

With the completed sound recording of "5-15-09," Davis collaborated with local artist Omari Hodge to record Hodge's vocals on top of the original musical composition. This cooperative effort resulted in a sound recording entitled "Let's Go" that Davis intended to use for the promotion of his original "5-15-09" creation. To this end, "Let's Go" was performed in nightclubs throughout Miami-Dade County and soon became a local hit. Davis and Hodge also uploaded the "Let's Go" recording onto YouTube in September 2009 and emailed copies of the song in MP3 format to radio disc jockeys throughout the area including Gary Lewis of WEDR-FM 99 Jamz.

Upon receipt of "Let's Go," Lewis expressed a fondness for the song and Davis's underlying musical composition. For a period of two weeks, Lewis played "Let's Go" consistently on his daily mix show. Lewis also suggested to Davis that he forward "5-15-09" to other artists for the purpose of recording a newer version with better vocals, thereby enhancing the work's chances for a spot on 99 Jamz's regular rotation. Davis thereafter attempted to work with other local songwriters to add new lyrics and create a new recording.

In the interim, Lewis sought permission for the placement of "Let's Go" on 99 Jamz's regular rotation from Khaled bin Abdul Khaled, the radio station's assistant program director. In doing so, Lewis provided Khaled with a copy of "Let's Go." At the time, Khaled also owned a management company called We the Best Management where he acted as both a record producer and record label executive. Through this position, Khaled managed the careers of Defendants Jermaine Jackson and Andrew Harr. Khaled also collaborated with Defendants Algernod Lanier Washington and Usher Terry Raymond to produce and release several musical recordings and studio albums.

Davis now alleges that Khaled delivered a copy of "Let's Go" to Jackson and Harr, thus giving them access to "5-15-09." Moreover, Davis claims that the Court can infer Defendants' access to "5-15-09" from the extensive play of "Let's Go" on 99 Jamz as well as the song's popularity in Miami nightclubs. From this access, Davis asserts that Defendants incorporated "5-15-09" without authorization into their own derivative work. Specifically, Davis maintains that Defendants created a musical work entitled "Hey Daddy (Daddy's Home)" that is based upon and strikingly similar to his original "5-15-09" composition. Defendant Raymond then recorded his vocals over the alleged infringing work and included the song on his album "Raymond v. Raymond." The song was released in December 2009 and was sold as the first U.S. single for the album, peaking at number twenty-four on the Billboard Hot 100 chart and number two on the Hot R&B/Hip-Hop Songs chart.

On July 13, 2012, Davis brought this action against Defendants for copyright infringement of his original "5-15-09" composition. As the sole author of "5-15-09," Davis claims that Defendants' unauthorized use of the composition violated his rights as the copyright

owner. Defendant Notting Dale has now filed this motion seeking dismissal of the copyright infringement claim on two grounds. First, Notting Dale moves for a more definite statement under Rule 12(e). Second, Notting Dale seeks dismissal of the complaint under Rule 12(b)(7) for failure to join Omari Hodge as a party pursuant to Rule 19.

## II. DISCUSSION

### A. Notting Dale's Motion for a More Definite Statement

In its motion, Notting Dale initially requests that the Court dismiss the complaint for ambiguity pursuant to Rule 12(e). Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A court will grant such a motion where "a plaintiff's turbid complaint is so ambiguous such that it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Zyburo v. NCSPlus, Inc.*, No. 8:12-cv-1065-T-30TBM, 2012 U.S. Dist. LEXIS 86741, at *2 (M.D. Fla. June 22, 2012) (quoting *Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). However, "federal courts generally disfavor motions for a more definite statement." *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012). "The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." *SEC v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700 (M.D. Fla. 2000).

Here, Notting Dale contends that the complaint is unclear as to both what copyright was infringed and who owned the collaboration "Let's Go." In particular, Notting Dale

acknowledges that the complaint alleges infringement of Davis's rights in "5-15-09," but it insists that the complaint implies Defendants' infringement of Davis's rights in "Let's Go" as well. Furthermore, Notting Dale asserts that the complaint is ambiguous regarding the ownership of "Let's Go." However, it assumes from the allegations that Omari Hodge has an ownership interest as the source of the song's vocals.

Davis adamantly defends his complaint's allegations of copyright infringement. In his estimation, he has plainly alleged his status as the sole copyright owner of "5-15-09" entitled to exclusive use of the composition as well as Defendants' creation of an obvious, unauthorized derivative of "5-15-09." Moreover, he denies that the complaint in any way implies the infringement of his rights in any work other than "5-15-09."

Since the complaint unequivocally alleges an infringement of Davis's rights as the copyright owner of "5-15-09," the Court denies Notting Dale's motion for a more definite statement. The complaint amply and distinctly asserts that Davis is seeking damages for Defendants' alleged infringement of the copyright in "5-15-09," and "5-15-09" alone. *See* Pl.'s First Am. Compl. ¶¶ 5, 7–8, 49–51, 53, 56, 60–61, 63, 65, 68–69, 71, 73–74, 78–81, 83. Davis nowhere implies that he is asserting a claim for the infringement of any rights he holds in "Let's Go." The ownership of "Let's Go" is thus irrelevant to this matter as the use of that work is not at issue. Additionally, Davis makes it unmistakably clear that he is the sole owner and author of "5-15-09." There is no basis then for Notting Dale's contention that it cannot reasonably respond to Davis's complaint. Indeed, Notting Dale appears to have retreated from this challenge as it failed to address Davis's cogent response to its 12(e) motion. The Court therefore denies Notting Dale's motion for a more definite statement.

*B. Notting Dale's Motion to Dismiss for Failure to Join*

Notting Dale next contends that the Court must dismiss Davis's complaint under Rule 12(b)(7) for failure to join Omari Hodge as a party pursuant to Rule 19.[1] When analyzing motions to dismiss premised upon the failure to join a required party, courts in the Eleventh Circuit utilize a two-step analysis. *United States v. Townhomes of Kings Lake HOA, Inc.*, No. 8:12-cv-2298-T-33TGW, 2013 U.S. Dist. LEXIS 29269, at *7 (M.D. Fla. Mar. 5 2013).

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot (because for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

*Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (quoting *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)). As summarized by this Court:

> The first part of the test might be more clearly understood as involving two questions: whether the non-party should be joined and whether joinder is feasible. Where both a nonparty should be joined and joinder is feasible, the nonparty is "required" or "necessary" but not necessarily "indispensable." If so, then pursuant to Rule 19(a)(2), the Court must order that the person be made a party, rather than dismiss. Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party.

*Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473, 2009 U.S. Dist. LEXIS 123981, at *7–8 (S.D. Fla. Aug. 7, 2009).

In this case, Notting Dale has not argued that Hodge cannot be made a party or that

---

[1] Notting Dale alternatively asserts that the Court should, at the very least, order Davis to join Hodge as a necessary party under Rule 19(a). Additionally, Notting Dale notes that the Copyright Act permits the Court to "require the joinder . . . of any person having or claiming an interest in the copyright." 17 U.S.C. § 501(b) (2013). The Court will resolve these alternative contentions in its discussion of Notting Dale's 12(b)(7) motion to dismiss.

joinder is not feasible. Since joinder of Hodge is thus presumably feasible, Notting Dale cannot seek dismissal of Davis's complaint under Rule 12(b)(7). *See id.* Rather, Notting Dale may at most request that the Court order Davis to join Hodge as a necessary party under Rule 19(a)(2). *See id.* at *7. The Court will therefore now proceed to determine whether Hodge is a necessary party whose joinder is required.

Rule 19(a) requires the joinder of a person "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" if either:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

As it argued in its motion for a more definite statement, Notting Dale maintains in its motion to compel joinder that Davis's complaint alleges infringement of the copyright in "Let's Go," a work that Notting Dale claims was co-owned by both Davis and Hodge. *See* Def.'s Mot. to Dismiss and Mot. to Join 4. Although its motion is unclear, Notting Dale appears to claim that the validity of the copyrights for both "Let's Go" and "5-15-09" is at issue because Davis will need to establish his ownership of the copyrights for both works to prove his case for infringement. Citing case law from outside this circuit, Notting Dale contends that "joinder should be ordered in copyright infringement cases 'if an issue is raised as to the validity of the copyright upon which the rights of the persons to be joined, as well as those of the plaintiff, rest.'" *Id.* at 7 (quoting *Whitney, Atwood, Norcross Assocs., Inc. v. The Architects Collaborative,*

*Inc.*, No. 90-11521-Z, 1991 U.S. Dist. LEXIS 225, at *4 (D. Mass. Jan. 4, 1991)).

Moreover, Notting Dale argues that Rule 19(a)(1)(B) requires joinder of Hodge as a party claiming an interest in the subject matter of the action. In particular, Notting Dale believes that a determination of the validity of the copyrights in Hodge's absence will impair Hodge's ability to protect his interest in the works. Additionally, Notting Dale maintains that a judgment here will subject Defendants to a risk of multiple lawsuits and inconsistent judgments should Hodge sue in the future. It also asserts that a failure to join Hodge would defeat the Court's interest in a complete and efficient settlement of the controversy.

Notting Dale however takes a confusing turn in its reasoning in its reply to Davis's response. First, it asserts that "Let's Go" is a joint work rather than a derivative work with joint ownership shared between Davis and Hodge. From this, Notting Dale appears to insinuate that Hodge is a joint owner of "5-15-09." Second, Notting Dale offers an analogy to real estate law as support for its joinder argument, arguing that Hodge is a tenant in common with Davis through their co-ownership. Since tenants in common are indispensable parties in foreclosure actions, Notting Dale urges the Court to reach a comparable conclusion regarding joint owners in the copyright context.

In response, Davis once again affirms that he is the sole owner and author of "5-15-09," a work that he independently registered with the Copyright Office. Furthermore, he denies that his copyright infringement claim extends to any works beyond "5-15-09." Davis therefore rejects any attempt by Notting Dale to characterize Hodge, a contributor solely to the derivative work "Let's Go," as a necessary party in an action involving only the underlying composition. Thus even if Hodge has an identifiable interest in "Let's Go," Davis notes that § 103(b) of the

Copyright Act extends a copyright in a derivative work "only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." 17 U.S.C. § 103(b) (2013).

Finally, assuming for the moment that Hodge somehow is a joint owner of "5-15-09," Davis cites a number of cases for the proposition that a joint owner is not required to join other co-owners in an action for infringement because such action does not call into question the validity of the copyright. *See, e.g., Kernel Records Oy v. Mosley*, No. 09-21597-Civ-TORRES, 2010 U.S. Dist. LEXIS 69424, at *45 (S.D. Fla. July 5, 2010) ("[J]oinder will be desirable where validity of the copyright is challenged such that the outcome of the litigation may permanently affect the rights of the co-owner, but not where infringement alone is alleged." (quoting *Shady Records, Inc. v. Source Enters., Inc.*, No. 03 Civ. 9944 (GEL), 2004 U.S. Dist. LEXIS 26143, at *53 (S.D.N.Y. Jan. 3, 2005))). In line with the purposes of Rule 19, Davis argues that such infringement actions do not run the risk of multiple lawsuits from non-party co-owners against defendants. Where an infringement action results in payment of full damages to a joint-owner plaintiff, the non-party joint owner would bring a future action against the original plaintiff for a division of the damages, not against the original defendant. Thus, should the Court enter a judgment in favor of Davis against Defendants, Hodge would bring a future action against Davis for the recovery of a portion of the damages, not against Defendants. Nevertheless, Davis strongly rejects Notting Dale's classification of "5-15-09" as a joint work.

Since Davis has only asserted a claim for the infringement of the copyright in "5-15-09," a work in which Hodge has no interest, the Court finds that Hodge is not a necessary party under Rule 19(a). As noted in the discussion of the motion for a more definite statement, Davis is

abundantly clear in his complaint that his infringement claim is premised solely on the unauthorized use of "5-15-09." *See* Pl.'s First Am. Compl. ¶¶ 5, 7–8, 49–51, 53, 56, 60–61, 63, 65, 68–69, 71, 73–74, 78–81, 83. Despite Notting Dale's attempts to argue otherwise, "5-15-09" is simply not a joint work as Hodge had no hand in the work's creation or recording. As Notting Dale itself acknowledges, it is the *resulting combination* of a lyricist's and composer's contributions that may result in a joint work with each party owning "an undivided interest in the *combined product* of their respective efforts." Def.'s Reply to Pl.'s Resp. 2 (emphasis added) (quoting *Brown v. McCormick*, 23 F. Supp. 2d 594, 605 (D. Md. 1998)). Thus "Let's Go" may be a joint work with shared ownership between Davis and Hodge, but that fact is entirely immaterial here as "Let's Go" is not at issue in this matter. Because the alleged infringement of the copyright in "5-15-09" is the sole issue in this case, Hodge has no interest in the subject matter of this action. Nor is there any assertion by Notting Dale that the Court cannot accord complete relief among the existing parties. Since Notting Dale cannot satisfy either prong of the Rule 19(a) analysis, the Court denies its motion to compel joinder.

### III. CONCLUSION

For the above reasons, it is

**ADJUDGED** that Defendant Notting Dale's Motion to Dismiss and Motion to Join

Pursuant to Fed. R. Civ. P. 12(e), Rule 8, Rule 12(b)(7), Rule 19 and Section 501(b) of the Copyright Act **(D.E. No. 35)**, filed on **January 22, 2013**, is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 13 day of May, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record